UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>CHRISTOPHER CORTLAND FISK KENT,<br><br>            Defendant. | Case No. CR09-5597RJB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR AN INDICATIVE RULING PURSUANT TO FED.R.APP.P. 12.1 |

This matter comes before the Court on Defendant's Motion For An Indicative Ruling Pursuant to Fed.R.App.P. 12.1 (Dkt. 30). The Court has reviewed the instant motion, responses thereof, the filings regarding Defendant's Motion to Modify Supervised Release Condition, and the remainder of the file herein.

On May 5, 2010, the Defendant filed a Motion for Extension of Time to File a Notice of Appeal. Dkt. 16. On May 21, 2010, the Court granted the motion and allowed a notice of appeal of the judgment on the revocation of probation/supervised release to be filed with the Ninth Circuit Court of Appeals. Dkt. 24. An appeal is now pending in the Ninth Circuit under case number 10-30154. Dkt. 30, p. 2. The Defendant also filed a Motion to Modify Supervised Release Condition pursuant to Fed.R.Crim.P. 32.1(b) and (c) on May 5, 2010. Dkt. 18. This motion remains pending before the Court.

Fed.R.App.P. 12.1(a) provides that:

ORDER - 1

> If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.

Defendant states that the sole issue he seeks to raise on appeal is "the one raised in his motion to modify before the district court, i.e. whether there is a lawful basis for a sex offender registration requirement in this particular case." Dkt. 30, p. 2-3. Defendant states that remand to this Court would allow "full and fair development of the issue in the trial court and a clear record and ruling from which either party may appeal." Dkt. 30, p. 3.

The Government opposes the Defendant's motion because it believes that a Notice of Appeal deprives this Court of jurisdiction to rule on new or pending motions. Dkt. 31, p. 1. Moreover, the Government argues that the underlying motion was not timely filed nor fully argued by the parties before the Notice of Appeal in this case, which is a situation not contemplated by Rule 12.1. Dkt. 31, p. 2.

Defendant's Motion to Modify Supervised Release Condition was timely filed with this Court. However, the Court was not able to consider the motion because it lost jurisdiction after a Notice of Appeal was filed. The Court believes that it is appropriate to consider the Defendant's Motion for an Indicative Ruling and the underlying motion under Rule 12.1. The Notes of Advisory Committee under Fed.R.App.P. 12.1 states:

> This new rule corresponds to Federal Rule of Civil Procedure 62.1, which adopts for any motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party moves under Civil Rule 60(b) to vacate a judgment that is pending on appeal.

Fed.R.Civ.P. 62.1(a) states in part that the court may state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

This case first came before the undersigned on a Petition for Warrant for Offender Under Supervision (Dkt. 4). As a result of the proceedings in this Court, Defendant's original

ORDER - 2

Supervised Release was cancelled, and a new term of Supervised Release, with conditions, was imposed (Dkt. 15). Those conditions included the sex offender registration requirement, based on the conditions in the original Supervised Release, and without consideration of whether the sex offender registration requirement was called for in the new Supervised Release by the facts or by the law. Under these circumstances, and based on Defendant's showing, it is appropriate to examine the propriety of the sex offender registration condition in this case.

The Court finds that the Defendant's Motion to Modify Supervised Release Condition raises a substantial issue warranting further hearing and decision by the Court. For the foregoing reasons, the Defendant's Motion for an Indicative Ruling Pursuant to Fed.R.App.P. 12.1 should be granted.

The Court does hereby find and **ORDER**:

(1) Defendant's Motion for an Indicative Ruling Pursuant to Fed.R.App.P. 12.1 (Dkt. 30) is **GRANTED**. Defendant's Motion to Modify Conditions of Release (Dkt. 18) is STAYED pending Ninth Circuit action on this Order;

(2) The Court finds that the Defendant's Motion to Modify Supervised Release Condition raises a substantial issue; and

(3) The Clerk is directed to send copies of this Order to all counsel of record and any party appearing *pro se* at said party's last known address.

DATED this 14th day of June, 2010.

_____
ROBERT J. BRYAN
United States District Judge

ORDER - 3